*E. F. Voris,* for plaintiff in error.

*C. F. Beery,* for defendant in error.

---

### FRAUD DISTINGUISHED FROM FALSE WARRANTY.

[Circuit Court of Fairfield County.]

JOHN ALLEN v. CHARLES HASS.

Decided, September 23, 1904.

*Contract—Of Sale and Purchase—Fraud—False Warranty—Form of Action Covering Each—Charge of Court.*

Where a vendor's warranty was both false and fraudulent, an action will lie for rescission of the contract of sale and recovery of the purchase price; but if the warranty proves false, but was not fraudulently made, the remedy of the vendee is in a suit for damages on account of the breach.

DONAHUE, J.; VOORHEES, J., and McCARTY, J., concur.

Error to the Fairfield Common Pleas Court.

In this case the trial court made a mistake in his charge to the jury, and one which it is very evident that the court did not intend to make at the time of the charge. The court's opinion of the law was very proper under that issue, and he was endeavoring to give to the jury a clear idea of the two remedies that the plaintiff might have in this case, but in some unfortunate way he omitted to state that the warranty must be fraudulent as well as false before the full purchase price can be recovered in an action to rescind. We think there is no question in Ohio upon this heretofore disputed point that if a contract be procured by fraud, the buyer may rescind the contract and recover the purchase price, but for a mere false warranty, that is, a mere breath of the contract of warranty, he must sue for

damages. One is an action to rescind and recover the purchase price. The other is an action for damages for breach of the warranty. It is true that those damages may be equaled by the amount of the purchase price. But the evidence here does not sustain such a verdict. If such a verdict were returned after a proper charge on the subject of fraud, we would feel obliged to reverse it as being against the weight of the evidence.

It does clearly appear to us that, because of the unfortunate fact that those two or three words were left out of the charge, the jury did take it as their right to return a verdict for the whole purchase price and rescind the contract. We are compelled to reverse the case for failure of the court to state to the jury that before there could be a rescission of the contract and recovery of the full purchase price, the jury must first find that the warranty is fraudulent as well as false.

If the evidence supported the verdict, we would not disturb it. The verdict is contrary to the law as we view it. When a thing is warranted fit for a special purpose, fraud is not necessary to a rescission of the contract. This action does not belong to that class of cases. This horse was warranted not to go lame. He was fit for the purpose for which he was sold at the time of the purchase and for five or six months afterwards. Therefore, this case is not within the line of cases cited in *Cullen v. Bimm*, 37 Ohio St., 236. An exception to the charge of the court would not be necessary as we hold the verdict is contrary to the law and the evidence.

*L. G. Silbaugh*, for plaintiff in error.

*C. W. McCleery*, for defendant in error.